IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRETT RATCLIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-00442-PRW |
| | ) |
| KILOLO KIJAKAZI,[1] Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| | ) |
| Defendant. | ) |

## ORDER

On May 14, 2021, United States Magistrate Judge Suzanne Mitchell issued a Report & Recommendation (Dkt. 30) in this action, in which the Plaintiff seeks judicial review of the Defendant's final decision that he is not disabled and may continue to work in a medium-level job. Magistrate Judge Mitchell recommended the Social Security Administration's decision in this matter be affirmed. The parties were advised of their right to object to the Report and Recommendation by May 28, 2021. The Plaintiff has timely filed objections (Dkt. 31). For the reasons discussed below, the Report & Recommendation is **ADOPTED** in full, and the decision of the Social Security Administration is **AFFIRMED**.

---

[1] Plaintiff's Complaint named Andrew Saul, former Commissioner of the Social Security Administration, as the Defendant in this action. Pursuant to Fed. R. Civ. P. 25(d), the current Acting Commissioner of the Social Security Administration, Kilolo Kijakazi, is automatically substituted as the Defendant.

1

*Discussion*

In reviewing this matter, the Court bears in mind the relevant legal touchstones: first, that the administrative law judge's ("ALJ") opinion need only be supported by substantial evidence in the record,[2] which is "more than a scintilla, but less than a preponderance"[3]; and second, that when examining the ALJ's factual conclusion, the Court must "neither reweigh the evidence nor substitute [its] judgment for that of the agency."[4] In this case, rather than raise specific points of disagreement with the Magistrate Judge's analysis, Plaintiff restates the arguments originally advanced in his Complaint (Dkt. 1) and vaguely implies that both the Magistrate Judge and the ALJ erred in rejecting these arguments. The Court considers each of these arguments de novo and in turn, and rejects each.

*First*, Plaintiff claims that the ALJ below erred in several ways when questioning the vocational expert and evaluating Plaintiff's limitations. In his eyes, the ALJ erred by failing to consider the cumulative "effects of *all* impairments," as he claims that she "did not consider limitations [in reaching ability] stemming from Mr. Ratcliff's degenerative

---

[2] *See* 42 U.S.C.A. § 405(g) (Supp. 2017); *see also Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 759, 760 (10th Cir. 2003).

[3] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)); *see also Sundown Energy, L.P. v. Hardin & Shelton, Inc.*, 2010 OK 88, ¶ 9, 245 P.3d 1226, 1229–30; *Mullendore v. Mercy Hosp. Ardmore*, 2019 OK 11, ¶ 16, --- P.3d --- (Wyrick, V.C.J., dissenting).

[4] *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013); *see also Collins v. Colvin*, 640 F. App'x 698, 701 (10th Cir. 2016) (rejecting arguments that "appear to question the ALJ's assessment of the evidence and urge the court to reweigh the evidence" since "[i]t is well settled . . . we do not reweigh the evidence or substitute our discretion for the agency's").

disc disease."[5] While Plaintiff is correct that failure to consider all impairments is reversible error,[6] he is incorrect in claiming that the ALJ did not consider this potential limitation. The ALJ's findings of fact clearly acknowledge that "claimant has the following severe impairments: Degenerative disc disease," evinced when an "MRI revealed discogenic and spondylitic changes at L4-5 and L5-S1."[7] But the ALJ also noted that a subsequent specialist determined "claimant had normal curvature and range of motion of the lumbar spine . . . with normal strength," and another examiner determined "range of motion in all other joints was within normal limits."[8] The ALJ's conclusion that Plaintiff's degenerative disc disease wrought little limitation beyond the normal range and strength of a similar individual in age is thus supported by substantial evidence.

Plaintiff also claims in this section of his brief that a conflict exists between the ALJ's limitation to "occasional overhead reaching" and the jobs that the vocational expert recommends (which might include frequent or constant reaching). However, this argument is entirely predicated on a stark misrepresentation of the ALJ's factual findings, as she concluded that "claimant can only occasionally reach overhead with the upper right extremity," but found no such limitation on Plaintiff's reaching ability with his left arm.[9] Plaintiff also here challenges what he sees as the ALJ's failure "to adequately account for"

---

[5] Pl.'s Objections to Report & Recommendation (Dkt. 31), at 3.

[6] *See Salazar v. Barnhart*, 468 F.3d 615, 622 (10th Cir. 2006).

[7] Social Security Administration Record (Dkt. 15), at 22, 27.

[8] *Id.* at 27, 29.

[9] *Id.* at 24.

his pain, shortness of breath and related pace of work, and the opinions of his personal physician.[10] Yet each of these assertions is nothing more than a plea for this Court engage in the forbidden reweighing of the evidence, and so these arguments need not be addressed.

*Second*, in a second swipe at the argument already briefed above, Plaintiff challenges the ALJ's conclusion that the opinion of his personal physician—Dr. Buffington—was unpersuasive. Specifically, Plaintiff claims "[t]he ALJ did not properly evaluate the weight of persuasiveness" of Dr. Buffington's opinion.[11] This is again nothing more than an invitation for the Court to reweigh the evidence in the record and substitute the judgment of the ALJ with its own, which the Court declines to do. Plaintiff also claims that the ALJ was without substantial evidence in rejecting Dr. Buffington's opinion as unpersuasive. However, the record supplies substantial evidence for this conclusion, considering that "the most important factors" in the evaluation of the persuasiveness of a medical opinion includes its "consistency,"[12] and the ALJ found that Dr. Buffington's proffered opinion directly conflicted with "Dr. Buffington's own treatment notes."[13] Therefore, there is no legal error in the ALJ's discreditation and subsequent rejection of Dr. Buffington's opinion, as this conclusion was supported by sufficient evidence in the record and the Court will not disturb or reweigh the evaluation of that evidence.

---

[10] Pl.'s Objections to Report & Recommendation (Dkt. 31), at 4–7.

[11] *Id.* at 7.

[12] 20 C.F.R. § 416.920c(a).

[13] Social Security Administration Record (Dkt. 15), at 32.

*Third*, Plaintiff challenges that the "ALJ failed to consider Claimant's pain and consistency."[14] Although hardly a model of clear drafting, this point seems to allege that the ALJ erred when setting aside Dr. Buffington's opinion and Plaintiff's own testimony regarding his pain- and fatigue-levels and concluding instead that Plaintiff could work a medium-level job. Yet in predicating this argument on an alleged logical inconsistency between a portion of offered testimony and the ALJ's eventual conclusions, Plaintiff forgets that "[c]redibility determinations are peculiarly the province of the finder of fact."[15] The Court will not disturb the ALJ's factual findings on pain and fatigue simply because Plaintiff's own testimony sought a substantially different result. The medical record reflects more than adequate evidence to support the ALJ's conclusion that Plaintiff's pain and fatigue was not so great as to prevent him from working in the identified industries, and the ALJ sufficiently explained the specific evidence she relied on.[16] Thus, the Court again declines the invitation to tip the balance of credibility or disturb the ALJ's factual findings.

### *Conclusion*

Having carefully reviewed this matter de novo, the Court finds both that the ALJ did not legally err in arriving at her decision and that the record contains substantial

---

[14] Pl.'s Objections to Report & Recommendation (Dkt. 31), 9.

[15] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

[16] *See* Social Security Administration Record (Dkt. 15), at 24–34; *see also Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (an ALJ must explain "the link between the evidence and credibility determination"); *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (so long as "the ALJ sets forth the specific evidence [she] relies on in evaluating the claimant's credibility," she satisfies "the dictates of *Kepler*").

evidence supporting the ALJ's decision. To the extent the Plaintiff asks this Court to give his preferred evidence more weight than the other evidence in the record, he is asking this Court to reweigh the evidence and substitute its judgment for that of the ALJ, which is simply not permissible.[17]

Accordingly, the Court **ADOPTS** the thorough and well-reasoned Report & Recommendation (Dkt. 30) issued by Magistrate Judge Mitchell on May 14, 2021, and **AFFIRMS** the decision of the Social Security Administration. Pursuant to 42 U.S.C. § 405(g), a judgment shall follow.

**IT IS SO ORDERED** this 6th day of October 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[17] *See Alarid v. Colvin*, 590 Fed. App'x 789, 795 (10th Cir. 2014) (citing *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007)); *White v. Barnhart*, 287 F.3d 903, 905, 909 (10th Cir. 2001) (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).